# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**LM INSURANCE CORP.**                                          **PLAINTIFF**

**v.**                                          **CAUSE NO. 1:20-cv-311-LG-RPM**

**CIRCLE T, LTD.**

                                          **DEFENDANT**

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTION TO DISMISS OR IN THE
## ALTERNATIVE TO STAY ON GROUNDS OF ABSTENTION

**BEFORE THE COURT** is the [4] Motion to Dismiss or, in the Alternative,

Stay on Grounds of Abstention filed by Defendant, Circle T, Ltd. ("Circle T").

Plaintiff, LM Insurance Corp. ("LM") filed a [9] Response in Opposition, to which

Defendant [11] replied.  After due consideration of the record, the parties'

submissions and applicable law, the Court finds that the Motion should be denied.

### BACKGROUND

Plaintiff, LM Insurance Corporation, sues Defendant, Circle T, for allegedly

unpaid premiums owed under policies of workers' compensation insurance.

(Compl., ¶ 1, ECF No. 1).  Defendant is alleged to be a timber broker which

"employs subcontractors to harvest and transport timber to various timber mills."

(*Id.* ¶ 6).  Defendant, required by its clientele to purchase workers' compensation

coverage for these subcontractors, obtained the subject policies from Plaintiff

through the Mississippi Workers' Compensation Assigned Risk Plan, spanning

periods from 2017 through 2020.  (*Id.* ¶¶ 8-15).  Conducting an audit, Plaintiff

determined that "certain timber subcontractors in the course of [Defendant's] business . . . did not have workers' compensation insurance," thereby allegedly increasing the premiums due under the policy.  (*Id.* ¶¶ 18-26).  According to Plaintiff, Defendant "has refused to pay any of the . . . additional premium due as a result of uninsured subcontractors employed in its business for the policy periods in question."  (*Id.* ¶ 26).  After unsuccessful mediation on September 30, 2020, the parties resorted to litigation.  (*See* Def.'s Mem. Supp. Mot. Dismiss Alt. Stay on Grounds of Abstention, 5, ECF No. 5).

   Plaintiff's lawsuit, filed in the Southern District of Mississippi on October 2, 2020, seeks three items of relief.  First, Plaintiff seeks a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201-2202 "that it is entitled to the applicable premiums for the uninsured subcontractors employed by Defendant in the operation of its business."  (*Id.* ¶ 27).  Second, Plaintiff seeks "an award of damages for the premiums due under the policies."  (*Id.* ¶ 30).  Third, Plaintiff seeks certain extra-contractual damages "incurred as a result of the Defendant's refusal to pay the premiums due under the policies."  (*Id.* ¶ 33).  On October 6, 2020, the Circuit Court of Forrest County, Mississippi docketed another lawsuit, filed by Defendant, which asserts various claims against Plaintiff and numerous other parties.  (*See* Compl. in *Circle T, Ltd., et al. v. Liberty Mut. Ins. Co.*, ECF No. 4-1).

   On October 22, 2020, Defendant moved to dismiss or stay this action, characterizing it as a declaratory judgment suit subject to abstention in favor of the

state lawsuit.  (*See* Mot. Dismiss Alt. Stay on Grounds of Abstention, ECF No. 4);

*see also Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).  Plaintiff opposes

abstention and asks the Court to exercise its jurisdiction, pointing to the non-

declaratory relief sought herein.  (Pl.'s Mem. Resp. Def.'s Mot. Dismiss Alt. Stay on

Grounds of Abstention, ECF No. 10).  The issues are fully briefed and ripe for

disposition.

DISCUSSION

I.   ABSTENTION STANDARD

Defendant argues that the Court should dismiss or stay this lawsuit on

grounds of abstention, citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).

The Declaratory Judgment Act states that "[a]ny court of the United States, upon

the filing of an appropriate pleading, *may* declare the rights and other legal

relations of any interested party seeking such declaration, whether or not further

relief is or could be sought."  28 U.S.C. § 2201 (emphasis added).  In the Fifth

Circuit, a district court considering abstention from a declaratory judgment action

is bound by the standards articulated in *Brillhart*.  *See Southwind Aviation, Inc. v.*

*Bergen Aviation Inc.*, 23 F.3d 948, 950 (5th Cir. 1994).  In *Brillhart*, the Supreme

Court held:

> Ordinarily, it would be uneconomical as well as vexatious for a federal
> court to proceed in a declaratory judgment suit where another suit is
> pending in state court presenting the same issues, not governed by
> federal law, between the same parties. Gratuitous interference with
> the orderly and comprehensive disposition of a state court litigation
> should be avoided.

316 U.S. at 495.  "*Brillhart* makes clear that district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995).  Thus, Defendant characterizes this lawsuit as a declaratory judgment action from which the Court may abstain under *Brillhart*.

Plaintiff disputes this characterization and calls attention to its requests for non-declaratory relief in the form of breach of contract damages and extra-contractual damages.  In the Fifth Circuit, the abstention standard of *Colorado River*, not *Brillhart*, applies to lawsuits involving such coercive relief.  *New England Ins. Co. v. Barnett*, 561 F.3d 392, 395 (5th Cir. 2009) ("'When an action contains *any* claim for coercive relief, the *Colorado River* abstention doctrine is ordinarily applicable.'") (quoting *Kelly Inv., Inc. v. Cont'l Common Corp.*, 315 F.3d 494, 497 n. 4 (5th Cir. 2002)) (emphasis in original); *see also Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d 647, 651-52 (5th Cir. 2000).  Exceptions are made only where the coercive claim for relief is frivolous or made for the purpose of defeating application of *Brillhart*.  *Barnett*, 561 F.3d at 395-96.

Here, the Complaint seeks three remedies: (1) a declaration that Plaintiff is entitled to unpaid premiums; (2) damages for breach of contract in the amount of the unpaid premiums; and (3) extracontractual *Veasley* damages and attorneys' fees resulting from the nonpayment of premiums.  (Compl., ¶¶ 27-33, ECF No. 1).  At

4

first blush, the Court finds that these latter two counts are coercive in nature, not declaratory. As such, the broad *Brillhart* abstention standard must yield to the narrower *Colorado River* standard. *See Southwind Aviation, Inc.*, 23 F.3d at 951 (holding that a lawsuit "request[ing] coercive remedies for the breach of contract in the form of damages, attorney's fees, and injunctive relief . . . indisputably removes this suit from the ambit of a declaratory judgment action"); *Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 539-40 (5th Cir. 2002), *rev'd on other grounds*, *Grand Isle Shipyard, Inc. v. Seacor Marine, LLC*, 589 F.3d 778 (5th Cir. 2009) (holding that "damages for breach of contract . . . as well as damages arising from enforcing that contract . . . removes this suit from the realm of a declaratory judgment action").

Defendant notes that *Brillhart* may still apply where "the claims for coercive relief are frivolous" or "were added as a means of defeating *Brillhart*," invoking both exceptions in the process. *Barnett*, 561 F.3d at 395-96. The Court finds no indication that either exception applies. Defendant insists that the breach of contract claim is "without effect" because recovery ultimately depends on the findings requested by the declaratory judgment action. (*See* Rebuttal Supp. Mot. Dismiss, 2, ECF No. 11); (*see also id.* at 3 (arguing that "the alleged count of breach of contract adds nothing to the controversy")). Although they overlap, the dependency of the breach of contract action on the declaratory judgment action does not render it frivolous. *See Black Sea Inv.,* 204 F.3d at 652 (holding that a party's

claim for coercive relief cannot be ignored simply because it is "'ancillary to its request for declaratory relief"). Although Defendant denounces the claim for extra-contractual damages as frivolous, the breach of contract claim alone places this lawsuit outside the scope of *Brillhart*. Finally, the Court sees no indication that the coercive claims were artificially added to defeat *Brillhart*. Thus, the Court may only abstain, if at all, pursuant to the *Colorado River* doctrine.

## II.   *COLORADO RIVER* ABSTENTION

Under the *Colorado River* doctrine, wise judicial administration warrants abstention under limited exceptional circumstances when there is a parallel state proceeding. *Colorado River*, 424 U.S. at 818. The general rule is that the Court must exercise its jurisdiction. *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 21 (2004). "Abstention rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). The "pendency of an action in state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

"There are six factors that the court must balance on a case-by-case basis to determine whether exceptional circumstances warrant abstention:

> 1) assumption by either court of jurisdiction over a res, 2) relative
> inconvenience of the forums, 3) avoidance of piecemeal litigation, 4) the

> order in which jurisdiction was obtained by the concurrent forums, 5)
> to what extent federal law provides the rules of decision on the merits,
> and 6) the adequacy of the state proceedings in protecting the rights of
> the party invoking federal jurisdiction."

*African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 798 (5th Cir. 2014)

(quoting *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)). "'The

decision whether to dismiss a federal action because of parallel state-court litigation

does not rest on a mechanical checklist, but on a careful balancing of the important

factors as they apply in a given case, with the balance heavily weighted in favor of

the exercise of jurisdiction.'" *African Methodist Episcopal Church*, 756 F.3d at 798

(quoting *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)).

Here, the first two factors are either neutral or disfavor abstention, as this

action involves *in personam* rather than *in rem* jurisdiction, and the disputed fora

are in the same geographic territory. *African Methodist Episcopal Church*, 756 F.3d

at 798. The third factor is more difficult, and the Court acknowledges that some

amount of wastefulness would result from retaining jurisdiction. But "[t]he real

concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal*

litigation, and the concomitant danger of inconsistent rulings with respect to a piece

of property. When, as here, no court has assumed jurisdiction over a disputed res,

there is no such danger." *Black Sea Inv., Ltd. v. United Heritage Corp.*, 204 F.3d

647, 650-51 (5th Cir. 2000); *see also African Methodist Episcopal Church*, 756 F.3d

at 800 (holding that piecemeal litigation is dangerous where courts "would each

determine the same issues with respect to the same property"); *Kelly Inv., Inc.*, 315

F.3d at 498-99 (holding that a district court erroneously abstained from a case based on the threat of piecemeal litigation where "[n]either court has accepted jurisdiction over a *res*," and problems could be rectified through a plea of *res judicata*). Yet, even though "no property is at issue in this case," there is still some danger of piecemeal litigation, which slightly favors abstention. *Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006).

With respect to the fourth factor, "the priority element 'should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions.'" *African Methodist Episcopal Church*, 756 F.3d at 800 (quoting *Moses H. Cone*, 460 U.S. at 21). The Court finds that the fourth factor is neutral or disfavors abstention, as both the state and federal proceedings are in their infancy. "[T]his factor only favors abstention when the federal case has not proceeded past the filing of the complaint." *Stewart*, 438 F.3d at 492-93. But "with several additional parties and issues present in the state litigation, there is a strong chance that the federal court will be the first to render a decision." *Kelly Inv., Inc.*, 315 F.3d at 499. With respect to the fifth factor, regarding the governing law, the Court notes that "'[t]he presence of state law issues weighs in favor of surrender only in rare circumstances.'" *See Stewart*, 438 F.3d at 493 (quoting *Black Sea Inv.*, 204 F.3d at 651). Like *Stewart*, this is a diversity case and "involves only issues of state law," but Defendant has not shown "that 'rare circumstances' exist." *See Stewart*, 438 F.3d at 493. As such, this factor

8

does not favor abstention.  Finally, there is no indication "that the state court would not adequately adjudicate the case," and this factor must either disfavor abstention or weigh neutrally.  *Id.*

Based on the above assessment and balancing of these six factors, the Court does not find that any rare or exceptional circumstances justify abstention from this federal action.  Like *Stewart*, "[w]ith the exception of the factor considering 'piecemeal litigation,' all of the *Colorado River* factors weigh against abstention or remain neutral."  *See Stewart*, 438 F.3d at 493.  Under such circumstances, abstention is inappropriate.  *See id.*  Rather, the Court is compelled to exercise its unflagging duty to hear and decide the federal case.[1]

---

[1] Moreover, the Court is not convinced that the relevant state case is "parallel" with the federal case.  Under *Colorado River*, a federal court may only abstain from hearing a case which is truly "parallel" with the state case.  *African Methodist Episcopal Church*, 756 F.3d at 797.  Parallel actions generally "involv[e] the same parties and the same issues," but "it may be that there need not be applied in every instance a mincing insistence on precise identity of parties and issues."  *Id.* (quotation marks omitted).  The parties do not brief the parallelism of the cases, but the Court observes that the state court case involves numerous other parties, including subcontractors, insurance agents and agencies, against whom a number of claims are brought.  (*See* Compl. in *Circle T, Ltd., et al. v. Liberty Mut. Ins. Co.*, ¶¶ 1-13, ECF No. 4-1).  The interests of these parties are not readily apparent to the Court, and the joinder of these other parties and issues counsels against a finding that the state case is parallel with this one.  *See Am. Guarantee & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248, 252 (5th Cir. 2005) (finding that "federal and state proceedings are not parallel" where the state court case did not involve the same parties and claims); *Republicbank Dallas, Nat'l Ass'n v. McIntosh*, 828 F.2d 1120, 1121 (5th Cir. 1987) (finding federal and state actions which had some common issues were nevertheless nonparallel where "[t]he other issues are disparate, . . . and the parties are not the same").  However, the Court will refrain from determining that the cases are not parallel, as the issue was not briefed and the *Colorado River* factors independently support the Court's decision not to

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [4] Motion to Dismiss or, in the Alternative, Stay on Grounds of Abstention filed by Defendant Circle T, Ltd. is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this the 12ᵗʰ day of January, 2021.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

abstain.

10